

The Law Office of Kevin J. Keating, P.C.
666 Old Country Road, Suite 900
Garden City, NY 11530
516-222-1099 • 212-964-2702
kevin@kevinkeatinglaw.com
Garden City • Manhattan

November 30, 2022

**Via ECF**
The Honorable Sidney H. Stein
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re: <u>United States v. Andrew Dowd</u>; 21 CR 530

Dear Judge Stein,

  As the Court is aware, we previously moved to exclude the testimony of Tara Arce on the grounds that she was testifying as an un-noticed expert witness concerning "hallmarks of fraud." Although we still maintain that her testimony should be excluded on those grounds, we are writing separately to express our concern about anticipated hearsay issues.

  Late on November 28th, the Government produced 3500 material for Tara Arce, which consisted of a spreadsheet reflecting her "analysis" of Constantine-related lawsuits. There are multiple columns contained on the spreadsheet, including columns for the claimant's name, address, date of loss, date of claim, medical providers, etc. The final column, however, which is titled "notes of interest", provides a preview of Ms. Arce's expected testimony as to the "red flags" which she deemed suspicious, and which prompted her to take action. We have attached Ms. Arce's "notes of interest" hereto as Exhibit A.[1]

---

[1] We have not attached the entire Arce spreadsheet because it is too large to print legibly and because it contains PPI, including the addresses and social security numbers of civil litigants. However, we are happy to furnish the Court with an electronic file of Arce's Excel spreadsheet upon request.

The problem is, Tara Arce's conclusions are based almost entirely on what *other* people have reported to her about these cases. Among other things, Ms. Arce appears to be relying upon the results of independent medical examinations (which have never been provided to the defense), and summaries of deposition testimony (which has never been provided to the defense). There are also numerous references to facts contained in documents that are not in evidence, including medical records and criminal background checks.

The relevance of Ms. Arce's testimony hinges entirely upon the assumption that the "facts" reported to her by these third parties were accurate. Because the persons who actually made the relevant observations – the doctors who performed the IMEs, the lawyers who conducted the depositions, the investigators who conducted surveillance – will never take the stand, there is no way to test the truthfulness of such testimony. In other words, Ms. Arce's expected testimony is riddled with rank hearsay.

Accordingly, if Ms. Arce *is* permitted to testify, the Court should order her testimony to be strictly limited to matters which she observed first-hand. In this regard, we are particularly concerned that Ms. Arce may seek to testify as to the conclusions of medical experts employed by Traveler's Insurance. As the Court is aware, the Government already intends to call a medical expert to testify as to his review of the relevant patient files. The Government should not be permitted to bolster such testimony by introducing the hearsay observations and opinions of doctors who are not taking the stand.

Thank you for your consideration.

Respectfully submitted,

/s/

Kevin J. Keating

cc:     All Counsel (*via* ECF)