UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

GEORGE CONSTANTINE ET AL.,

Defendants.

21-CR-530 (SHS)

ORDER

---

SIDNEY H. STEIN, U.S. District Judge.

    Following a fourteen-day jury trial in December 2022, a jury convicted George Constantine and Andrew Dowd of separate counts of mail fraud, wire fraud, and conspiracy to commit both offenses in connection with their participation in a massive staged trip-and-fall scheme, in which businesses and insurance companies were defrauded through the filing of personal injury lawsuits that relied on unnecessary surgeries to increase the value of the tort litigation. Constantine, an attorney, filed nearly 250 of these fraudulent lawsuits, and Dowd, an orthopedic surgeon, performed hundreds of unnecessary knee and shoulder surgeries on patients referred to him through co-conspirators. The jury deliberated for under five hours before announcing a guilty verdict for each defendant on all counts. This Court thereafter denied Dowd's motion for a judgment of acquittal. (ECF No. 266.) Constantine and Dowd were each sentenced to 102 months incarceration on April 25, 2023, to commence on June 30, 2023. (ECF Nos. 249, 250.)

    Both Constantine and Dowd have now moved for bail pending appeal of their convictions to the U.S. Court of Appeals for the Second Circuit. (ECF Nos. 253-2 ("Constantine Mem."); 271-1 ("Dowd Mem.").) The statute governing release pending appeal, 18 U.S.C. § 3143(b), reads in relevant part as follows:

> [T]he judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal . . . be detained, unless the judicial officer finds (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . ; and (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in (i) reversal, (ii) an order for a new trial . . . . If the judicial officer makes such findings, such judicial officer shall order the release of the person . . . .

18 U.S.C. § 3143(b)(1).

1

This Court can easily conclude by clear and convincing evidence that neither defendant is "likely to flee or pose a danger to the safety of any other person or the community if released" during the pendency of his appeal. *Id.* Both defendants have been released on bail without incident since this action was commenced essentially two years ago. Both have deep roots in their communities and no violence was involved in their offenses. And both defendants represent that they will not or cannot pose a danger to their communities through the practice of their respective professions: Constantine represents that he is no longer able to practice law because he has been "disbarred as a result of the jury's verdict," (Constantine Mem. at 13), and Dowd has stipulated that he "will not practice medicine while this appeal is pending." (Dowd Mem. at 1.)[1]

The issue for determination is whether the motions for release pending appeal "raise[] a substantial question of law or fact likely to result in reversal [or] an order for a new trial[.]" 18 U.S.C. § 3143(b)(1)(B). In the Second Circuit, the district court assessing a motion for release pending appeal must first examine whether any question raised on appeal is a "substantial" one, meaning merely "one of more substance than would be necessary to a finding that it was not frivolous. It is a 'close' question or one that very well could be decided the other way." *United States v. Randell*, 761 F.2d 122, 125 (2d Cir. 1985); *see also United States v. Galanis*, 695 F. Supp. 1565, 1568-69 (S.D.N.Y. 1988); *United States v. Tunick*, No. 98-CR-1238, 2001 WL 282698, at *3 (S.D.N.Y. Mar. 22, 2001). The Court must then grant the motion if it finds that, were such a "substantial question [to be] determined favorably to defendant on appeal, that [that] decision is likely to result in reversal or an order for a new trial on all counts on which imprisonment has been imposed." *Randell*, 761 F.2d at 125.

Defendants have raised a gallimaufry of evidentiary issues; in addition, Constantine challenges the inclusion of a New York Rules of Professional Conduct instruction in the jury charge,[2] and Dowd challenges the Court's denial of his motion for the Court to recuse itself and questions the sufficiency of the evidence to support his conviction. The Court believes that each of its evidentiary decisions during the trial was correct; that there is no basis for a recusal here; that the jury charge was correct; and that the evidence presented at trial against each defendant independent of the challenged evidentiary rulings was substantial. Nonetheless, some of the issues raised by defendants may properly be characterized as "close" questions of law or fact that "could be decided the other way." *Randell*, 761 F.2d at 125. Although this Court does not believe its trial rulings are likely to be reversed on appeal, "release pending appeal is not conditioned 'upon a district court's finding that its own judgment is likely to be reversed on appeal.'" *United States v. Rittweger*, No. 02-CR-122, 2005 WL 3200901, at *4 (S.D.N.Y. Nov. 30, 2005) (quoting *Randell*, 761 F.2d at 124).

---

[1] The Court has no reason to conclude that either defendant's appeal is for the purposes of delay.
[2] Dowd also notes in a footnote his objection to the inclusion of a similar instruction in the jury charge as to the medical ethical rules. (Dowd Mem. at 25 n.2.)

In the unlikely event that each of the several decisions by the Court questioned by defendants is determined to have been incorrect, an appellate court could find that the cumulative effect of those errors was to improperly influence the jury as to an essential element of the offense – the defendant's knowledge that the scheme was fraudulent – and could thus warrant reversal or a new trial for one or both defendants. *See, e.g., United States v. Hart*, 906 F. Supp. 102, 107 (N.D.N.Y. 1995) ("It seems evident that if the Second Circuit were to agree with defendant that the evidence was insufficient at trial to establish fraudulent intent, reversal would result."); *United States v. Kaplan*, No. 02-CR-883, 2005 WL 3148060, at *2 (S.D.N.Y. Nov. 22, 2005) (granting motion for bail pending appeal because "[d]espite the Government's contention that there was significant evidence of 'red flags' that should have alerted Defendant to the fraud, Defendant has raised a substantial question as to whether it was shown at trial that he deliberately avoided learning facts pertinent to the crime, and was not merely negligent"); *United States v. Kaufman*, No. 19-CR-0504, 2021 WL 8055691, at *2-*3 (S.D.N.Y. Oct. 27, 2021) (assessing aggregate probability of reversal or new trial should all issues raised by defendant be reversed on appeal, and granting bail although "it is doubtful that [defendant] will succeed on either count, let alone both" because "[n]evertheless, it is not impossible.").

For these reasons, Constantine's and Dowd's motions for bail pending appeal are granted on the same terms and conditions upon which they have been released up until now. Dowd represents that he will "request expedited briefing and consideration of his appeal" (Dowd Mem. at 1, 8) and has "requested a shortened briefing deadline in the Second Circuit (60-days rather than the 90 days allotted by rule) . . . and will file before that deadline." (ECF No. 277 at 1 n.1.) Dowd is directed to do so, and Constantine is directed to follow suit. Constantine and Dowd are also directed to continue to refrain from practicing law and medicine, respectively, pending their appeals.

Dated: New York, New York
June 14, 2023

SO ORDERED:

*[signature]*

Sidney H. Stein, U.S.D.J.

3