UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | 21-Cr-530 (SHS) |
| GEORGE CONSTANTINE, ET AL., | OPINION & INDICATIVE RULING |
| Defendants. | |

SIDNEY H. STEIN, U.S. District Judge.

Following his conviction for conspiracy, mail fraud, and wire fraud, and the imposition of $8,117,011 in restitution, Dr. Andrew Dowd has moved to amend the restitution award pursuant to Fed. R. Crim. P. 35(a) on the grounds that the restitution award resulted from "arithmetical, technical, or other clear error." (*See* Motion to Amend, ECF No. 291.) For the reasons set forth below, Dowd's motion to amend the restitution award is denied.

I. **BACKGROUND**

On December 16, 2022, following a fourteen-day trial, a jury found Dowd guilty of conspiracy to commit mail and wire fraud and substantive counts of mail fraud and wire fraud for his participation in an elaborate and extensive scheme to defraud insurance companies arising out of staged slip and fall accidents. Four months later, the Court sentenced Dowd to a below Guidelines range sentence of principally 102 months incarceration on each count to run concurrently, and gave the Government ninety days—until July 24, 2023—by which to submit a proposed restitution order. (Sent'g Tr. at 58:1-59:4, ECF No. 259.) The Government did so on July 10, 2023; ten days later, with no opposition to the proposed restitution order having been submitted to the Court by Dowd, the Court issued the restitution order, directing Dowd to pay restitution in the sum of $8,117,011, joint and several with nine other participants in the fraud scheme. (*See* Order of Restitution, ECF No. 287.)

Dowd subsequently filed this motion to reduce the restitution order to $7,015,976.40 pursuant to Fed. R. Crim. P. 35(a), which authorizes a court to "correct[] clear error" in a sentence that resulted from "arithmetical, technical, or other clear error." (*See* Motion to Amend.) In the motion, Dowd asserts that 1) the Court failed to provide him with notice and opportunity to be heard with respect to the Government's proposed restitution order and 2) the restitution order saddled Dowd with a disproportionate share of the total restitution award compared to Dowd's co-defendant Dr. Sady Ribeiro.

On August 3, 2023, Dowd filed a notice of appeal to the United States Court of Appeals for the Second Circuit from his sentence. In that currently pending appeal, Dowd specifically challenges this Court's restitution order. (*See* Dowd's Supp. Br., *United States of America v. Constantine*, No. 23-Cr-6440 (2d Cir. 2023), ECF No. 70.)

## II. DISCUSSION

### A. Dowd's Notice of Appeal Has Divested This Court of Jurisdiction Over This Matter; However, the Court Can Issue an Indicative Ruling Pursuant to Rule 37

A notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982); *see also Berman v. United States*, 302 U.S. 211, 214 (1937); *United States v. Ransom*, 866 F.2d 574, 575 (2d Cir. 1989). The rule in the Second Circuit is clear: "a district court may not grant a Rule 35 motion pending appeal of a judgment . . . ." *Ransom*, 866 F.2d at 576. Thus, the Court has been "divest[ed] . . . of its control" over the restitution order and jurisdiction over the restitution order properly rests with the Second Circuit. *Griggs*, 459 U.S. at 58.

However, although the district court does not have jurisdiction over this matter, it may issue an indicative ruling pursuant to Fed R. Crim. P. 37(a), which provides as follows:

> **Rule 37. Indicative Ruling on a Motion for Relief That Is Barred by a Pending Appeal.** (a) RELIEF PENDING APPEAL. If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

For the reasons that follow, the Court now denies Dowd's motion in an indicative ruling pursuant to Rule 37. *See United States v. Larkin*, No. 19-Cr-833 (SHS), 2022 WL 1154313, at *1 (S.D.N.Y. 2022).

### B. There Is No "Arithmetical, Technical, or Other Clear Error" for the Court to Correct

As set forth above, Rule 35 permits the Court to correct an "arithmetical, technical, or other clear error." Dowd's claimed errors—a restitution order that is allegedly too high and an alleged lack of notice and opportunity to respond—do not fall within that rubric.

The Second Circuit has "repeatedly stated" that Rule 35(a) "is intended to be very narrow and to extend only to those cases in which an obvious error or mistake has occurred in the sentence." *United States v Rakhmatov*, 53 F.4th 258, 260 (2d Cir. 2022). As the Advisory Committee explained, the rule "is not intended to afford the court the opportunity to reconsider the application or interpretation of the sentencing guidelines or for the court simply to change its mind about the appropriateness of the sentence."  Fed. R. Crim. P. 35, 1991 Advisory Committee's Note; *see also United States v. Abreu-Cabrera*, 64 F.3d 67, 72 (2d Cir. 1995); *United States v. DeMartino*, 112 F.3d 75, 79 (2d Cir. 1997). Rule 35(a) applies only to an error that is "clear on its face" and that is "qualitative and objective in nature, not subjective . . . ." *United States v. Eberhard*, 03-Cr-562 (RWS), 2005 WL 2172031, at *2-3 (S.D.N.Y. Sept. 8, 2005).

Dowd claims that his motion satisfies Rule 35(a) on two different grounds. First, Dowd asserts that the Court failed "to provide Dowd with notice or an opportunity to respond to the government's proposed restitution order," which he believes constitutes "clear error" pursuant to Rule 35(a). (Dowd's Reply Mem., ECF No. 297 at 2, 4.) Second, Dowd contends that his motion concerns an arithmetical error that is properly within the province of Rule 35(a). (*Id.* at 4.) His argument fails on each ground.

### 1.  *Dowd was provided with adequate notice and opportunity to respond.*

Dowd relies primarily on *United States v. Harris* to support his contention that the alleged failure to provide him with notice or opportunity to respond to the Government's proposed restitution order constitutes "other clear error" under Rule 35(a). *United States v. Harris*, 813 F. App'x 710 (2d Cir. 2020).

However, the facts of the present case are readily distinguishable from those of *Harris* and reveal that Dowd had both adequate notice and opportunity to respond. In *Harris*, the Second Circuit, in a summary order, vacated a restitution order and remanded the case to the district court for further proceedings because the procedures employed by the district court "fail[ed] to satisfy the minimal requirement of notice and an opportunity to be heard." *Harris*, 813 F. App'x at 714-15. In *Harris*, not only did the appellant not receive notice or an opportunity to participate in the *Fatico* hearing that led to the restitution order, but he was without district court representation at the time. The Second Circuit concluded that the appellant "had no occasion to object or make any argument with respect to restitution . . . ." *Id.* at 714.

In this case, the Court notified Dowd at his April 25, 2023, sentencing that it intended to order restitution and gave the Government ninety days in which to submit a proposed order. (*See* Sent'g Tr. at 58:22-59:4.) This created a timeline, known to both Dowd and the Government, in which the Government would provide a proposed restitution order by July 24, 2023. On June 27, 2023, the Government sent Dowd's counsel an email setting forth the Government's intention to file its restitution request

with the Court "in the next few days" and set forth the restitution amount calculated for Dowd with supporting documentation. (*See* Govt.'s Mem. in Opposition, ECF No. 294-1.) Dowd's counsel acknowledged receipt of this email on June 28, 2023, and on July 7, 2023, emailed the Government with questions concerning the restitution amount. (*See id.*, ECF Nos. 294-1 and 294-2.) Three days later, the Government submitted its proposed restitution order to the Court. (*See id.*, ECF No. 294-3.) Ten days after that, on July 20, 2023, the Court, having received no objection from Dowd as to the Government's proposed restitution order, entered the order of restitution against Dowd and co-defendant George Constantine. (*See* Order of Restitution.)

As the foregoing lays out, the dissimilarity between *Harris* and the present case is patent. In *Harris*, at the time of sentencing, the defendant knew only that "the restitution issue remained open for determination at a later date," *Harris*, 813 F. App'x at 714; in the present case, at the time of sentencing, Dowd knew that the issue would be resolved by July 24, 2023. In *Harris*, the defendant received no notice of the relevant *Fatico* hearing; in the present case, Dowd received the Government's proposed restitution calculation with supporting documentation twenty-three days before the final order was entered; raised questions to the Government—but not the Court—as to the proposed restitution amount thirteen days before the final order was entered; and was notified of the Government's proposed restitution order that it submitted to the Court ten days before the final order was entered. Whereas the defendant in *Harris* "had no occasion to object or make any argument with respect to restitution," Dowd very much did. *Harris*, 813 F. App'x at 714. Even if an alleged failure to provide notice or opportunity to respond constituted an "arithmetical, technical, or other clear error," Dowd's motion fails because he was provided with adequate notice of, and had an adequate opportunity to respond to, the Government's proposed restitution order.

   2. *Apportionment methodology is not grounds for correction under Rule 35(a) and, even if it were, this Court utilized a logical and appropriate methodology to determine Dowd's restitution obligation.*

Dowd's second contention is that the Court made an arithmetical error by allegedly assigning him a disproportionate share of the restitution award. (*See* Motion to Amend at 4-5.) Dowd urges that his restitution obligation is disproportionate for two primary reasons. First, he contends that his share of liability is overstated because the average settlement values of the underlying slip and fall lawsuits were higher when both he and another defendant, Dr. Sady Ribeiro, performed surgeries, versus when Dowd was the lone doctor on a claim. (*See id.*) Second, Dowd claims that it cannot be correct that his restitution liability exceeds Ribeiro's restitution obligation, which is $3,808,133. (*See id.* at 5; *see also* ECF No. 283.)

4

Dowd's contention fails on two grounds. First, MVRA calculations need not be mathematically precise, but instead may be reasonable approximations. *See United States v. Gushlak*, 728 F.3d 184, 195-96 (2d Cir. 2013). Therefore, a contention regarding the method of calculation itself—as opposed to some basic error in executing that method of calculation—is not an "arithmetical" error under Rule 35(a). Moreover, while Dowd cites *United States v. Williams* as support for his assertion otherwise, the error involved in *Williams* is technical or clerical, not arithmetical; the court in *Williams* merely amended the restitution order in the judgment to match the intended restitution order pronounced orally at sentencing. *See United States v. Williams*, 03-Cr-406 (HB), 2003 WL 22434145, at *1 (S.D.N.Y. Oct. 23, 2003). Rather than asserting any arithmetical error, Dowd admits he is asking the Court to use a methodology different from that selected by the Court to change the apportionment of liability in a restitution order, and is accordingly outside the purview of Rule 35. (*See* Motion to Amend at 5.)

Second, even if an incorrect apportionment of restitution liability were to constitute arithmetic error under Rule 35(a), no such error exists in the present case because the Court utilized a logical and appropriate methodology to determine restitution.

The Court is empowered to impose restitution pursuant to the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3663A. The MVRA provides that when sentencing a defendant in cases such as this, "the court shall order . . . that the defendant make restitution to the victim of the offense." 18 U.S.C. § 3663A(a)(1). The "'primary and overarching goal' of the MVRA is 'to make victims of crime whole, to fully compensate these victims for their losses and to restore these victims to their original state of well-being.'" *United States v. Qurashi*, 634 F.3d 699, 703 (2d Cir. 2011) (quoting *United States v. Boccagna*, 450 F.3d 107, 115 (2d Cir. 2006)).

So that this "overarching goal" may be carried out, "Congress has vested the district court with considerable discretion in fashioning restitution orders." *United States v. Yalincak*, 30 F.4th 115, 122 (2d Cir. 2022). For example, in cases where, as here, multiple defendants contributed to a victim's loss, "the court may make each defendant liable for payment of the full amount of restitution or may apportion liability among the defendants to reflect the level of contribution to the victim's loss and economic circumstances of each defendant." 18 U.S.C. § 3664(h). This assignment of liability can be accomplished in the form of a "hybrid restitution order," which "combines the discretion and apportionment authority permitted by § 3664(h) with the common law concept of joint and several liability." *Yalincak*, 30 F.4th at 124. Hybrid restitution orders seek to "account[] for multiple defendants' varying degrees of contribution to a victim's total loss, while also prioritizing the victim's likelihood of recovery." *Id.*

The order here is a valid hybrid restitution order. As the order of restitution provides, the total amount of restitution to be paid is $14,830,955, with nine listed

defendants to be jointly and severally liable for the restitution amount to the extent of their respective liability apportionment until the total restitution amount has been paid. (*See* Order of Restitution at 1-2.) Dowd was apportioned liability for restitution in the amount of $8,117,011. (*Id.* at 2.) The methodology used to arrive at that sum was logical and fair: Dowd was proportionally ascribed liability for settlements that resulted from those lawsuits brought on the basis of slip and fall claims on which Dowd was a surgeon. To elaborate further, there were 115 total settled claims. (ECF No. 299-2.) For those settled claims in which Dowd participated as a surgeon, he was ascribed restitution liability to the extent of ninety percent of the settlement amount.[1] (ECF No. 299-2.) Thus Dowd is, appropriately, apportioned restitution on only those claims in which he was involved; he is being ascribed liability to each victim to the extent that he participated on a claim that caused losses for that victim.

Dowd's contentions to the contrary are unavailing. It is entirely beside the point that claims including both Dowd and Ribeiro settled for a higher amount on average than claims including just Dowd. As the Government clarifies, it proposed the same apportionment methodology as to both Dowd and Ribeiro. (*See* Govt.'s Mem. in Opposition at 9.) It would make no sense to adjust Dowd's liability calculation downward to account for Ribeiro's contribution to certain claims when Ribeiro's contribution to those claims is already accounted for in Ribeiro's own restitution calculation. The very nature of the "joint and several liability" aspect of hybrid restitution orders allows multiple defendants to be held responsible for the same losses and obviates the need for the granular intra-claim apportionment proposed by defendant.

It is logical that Dowd's liability apportionment would exceed Ribeiro's, contrary to defendant's contention that such disparity is "inexplicabl[e]." (Motion to Amend at 5.) Ribeiro pled guilty prior to Dowd having been tried and found guilty and before the Government gathered several additional claims for restitution which were utilized in Dowd's restitution calculation but not in Ribeiro's previously imposed restitution obligation. (*See* Govt.'s Mem. in Opposition at 11.) At the time of their respective restitution orders, both Dowd and Ribeiro were held accountable for the full amount of the settlements (subject to the ninety percent factor) for those cases to which they directly contributed by performing surgeries. Holding Dowd and Ribeiro accountable in this way furthers the goal of the MVRA to make the victims of the fraud scheme whole. Thus, the method utilized to calculate Dowd's restitution is fair, logical, and rational, and in no way constitutes the "arithmetical error" defendant asserts.

---

[1] The testimony at trial was that ninety percent of the cases referred to Dowd as part of this scheme were fraudulent. (*See* Sent'g Tr. at 5:7-6:8.)

### III. CONCLUSION

The Court does not have jurisdiction over Dowd's motion to amend the restitution order due to his pending Second Circuit appeal on the same topic. However, for the reasons set forth above, the Court denies Dowd's motion to amend the restitution order as an indicative ruling pursuant to Rule 37(a) because Dowd has failed to raise any "arithmetical, technical, or other clear error" pursuant to Rule 35(a).

Dated: New York, New York
      October 10, 2023

SO ORDERED:

_____
Sidney H. Stein, U.S.D.J.