UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

GEORGE CONSTANTINE,

Defendant.

21-cr-530 (SHS)

OPINION & ORDER

SIDNEY H. STEIN, U.S. District Judge.

In 2022 a jury convicted defendant George Constantine of mail fraud, wire fraud, and conspiracy in connection with a brazen scheme for which this Court sentenced him principally to 102 months' imprisonment. Constantine, who was a lawyer prior to his conviction in this action, brought fraudulent lawsuits on behalf of hundreds of individuals who were recruited to serve as alleged "victims" of staged trip-and-fall accidents in order to obtain millions of dollars in personal injury damages from property owners and their insurance carriers. As part of the scheme, many of his clients underwent unnecessary medical procedures to inflate the settlement values of their fraudulent personal injury lawsuits.

The U.S. Court of Appeals for the Second Circuit affirmed Constantine's conviction and sentence on direct appeal. *See United States v. Constantine*, No. 23-6440, 2025 WL 601201 (2d Cir. Feb. 25), *cert. denied*, 146 S. Ct. 104 (2025). Shortly thereafter, Constantine filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 on the grounds of prosecutorial misconduct and ineffective assistance of counsel, which this Court denied in September 2025. *See United States v. Constantine*, No. 21-cr-530, 2025 WL 2753261 (S.D.N.Y. Sep. 26, 2025). Having now served slightly more than one year of his eight-and-a-half year incarceratory term, Constantine moves *pro se* for this Court to reduce his sentence to time served pursuant to 18 U.S.C. § 3582(c)(1)(A). His application lacks merit and is denied for the reasons set forth below.

## I. Legal Standard

18 U.S.C. § 3582(c)(1)(A), also known as the "compassionate release" statute, permits a court to reduce a defendant's sentence where: (1) the defendant has exhausted his administrative remedies by requesting relief from prison authorities; (2) the sentencing factors set forth in 18 U.S.C. § 3553(a) weigh in favor of a sentence reduction; (3) the defendant demonstrates "extraordinary and compelling reasons" warranting a sentence reduction; and (4) a reduction is consistent with applicable policy statements issued by the United States Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A).

There is no dispute that Constantine has exhausted his administrative remedies. (*See* Dkt. No. 378 ("Mot.") at 3; Dkt. No. 381 at 5.) Thus, the Court turns to the substance of Constantine's motion.

## II. Discussion

### A. Constantine Does Not Identify "Extraordinary and Compelling" Reasons.

Constantine claims that extraordinary and compelling reasons warrant his release, citing his various medical conditions, alleged mistreatment by prison staff, desire to be reunited with his ailing mother, and asserted rehabilitation. The Court disagrees.

Constantine claims that he suffers from "serious and chronic health conditions that substantially diminish [his] ability to provide self care within the correctional environment," including ulnar nerve entrapment in his left arm, dental pain due to lost veneers, pre-diabetes, and high blood pressure. (*See* Mot. at 12–18.) The U.S. Sentencing Commission's policy statement at U.S.S.G. § 1B1.13(b)(1) establishes standards for use in determining whether a defendant's medical circumstances are "extraordinary and compelling." As relevant to Constantine's motion, a defendant's medical circumstances may be "extraordinary and compelling" when the defendant suffers from a serious medical condition "from which he or she is not expected to recover" and that "substantially diminishes [his or her ability] to provide self-care within the environment of a correctional facility." *See* U.S.S.G. § 1B1.13(b)(1)(B). A defendant's medical condition may also be "extraordinary and compelling" where it "requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." *See* U.S.S.G. § 1B1.13(b)(1)(C).

Measured against these standards, there is nothing extraordinary or compelling about Constantine's medical circumstances. He does not establish that he is not expected to recover from his litany of alleged ailments nor does he substantiate that he is unable to self-care within the correctional environment or that he is at risk of a serious deterioration in his health. *See United States v. Stillwell*, No. 13-cr-521, 2026 WL 276018, at *3 (S.D.N.Y. Feb. 3, 2026) ("In general, a defendant qualifies [under section 1B1.13(b)(1)(B)] where they are capable of only limited self-care and confined to a bed or chair more than 50% of waking hours." (citation modified)); *United States v. Bradley*, No. 19-cr-632, 2023 WL 3004660, at *2 (S.D.N.Y. Apr. 19, 2023) (a defendant's diabetes, hypertension, enlarged prostate, sleep apnea, obesity, nerve damage, kidney damage, vision loss, and other conditions did not qualify him for compassionate release). Additionally, medical records demonstrate that Constantine is receiving adequate treatment from Bureau of Prisons medical personnel. (*See* Dkt. No. 381-1); *see also Stillwell*, 2026 WL 276018, at *3 (refusing compassionate release where medical records belied the defendant's complaints of inadequate medical care).

Constantine's other claims similarly fall short of section 3582(c)(1)(A)'s standard. Constantine claims that prison staff wrongly searched him for contraband on two separate occasions (Mot. at 19–20); once made him shovel snow outside of his work duties and despite his nerve condition (*id.* at 20–21); and placed him in solitary confinement for a period of three days due to an "administrative failure" (*id.* at 21–23). Even assuming the truth of his allegations, these circumstances do not constitute "extraordinary and compelling" reasons warranting his immediate release. *See Rutherford v. United States*, 146 S. Ct. 1320, 1330 (2026) ("'[E]xtraordinary and compelling' reasons for compassionate release are those that are especially unusual and convincing."). Constantine's desire to be reunited with his ailing mother (Mot. at 8–9) and asserted rehabilitation (*id.* at 23–24) also do not warrant a reduction in his sentence—Constantine does not claim to be the only available caretaker for his mother, *see* U.S.S.G. § 1B1.13(b)(3)(C), and "rehabilitation of the defendant alone" does not represent an "extraordinary and compelling reason" for compassionate release, *see* 28 U.S.C. § 994(t).

In sum, Constantine's allegations do not rise to the level of "extraordinary and compelling," whether considered individually or together.

**B. The Section 3553(a) Factors Do Not Favor a Sentence Reduction.**

Constantine catalogues a long list of circumstances that he contends demonstrate that the section 3553(a) factors favor a sentence reduction, including the loss of his law license (Mot. at 5), his damaged reputation (*id.* at 6–7), and the lack of a suitable caretaker for his dog (*id.* at 11–12). Having already determined that Constantine does not present extraordinary and compelling reasons for a sentence reduction under section 3582(c)(1)(A), the Court does not recite all of these circumstances here. Nonetheless, the Court concludes that a sentence reduction would not be consistent with the section 3553(a) factors considering the seriousness of Constantine's crimes and the fact that he has thus far served merely a small fraction of his total sentence.

**C. Amendment 821 to the Sentencing Guidelines Does Not Apply.**

Constantine also claims to be entitled to a sentence reduction as a zero-point offender pursuant to Amendment 821 to the U.S. Sentencing Guidelines Manual. (*See* Mot. at 9.) He is incorrect. U.S.S.G. § 4C1.1(a) provides for a two-level decrease in a defendant's offense level where, among other things, the defendant did not receive any criminal history points under Chapter Four, Part A of the Sentencing Guidelines. U.S.S.G. § 4C1.1(a)(1). However, Constantine was not a zero-point offender (*see* Dkt.

No. 228 at 17–19 (calculating Constantine's criminal history score)), and he is thus ineligible for a sentence reduction under section 4C1.1(a).[1]

## III. CONCLUSION

Because Constantine has not presented "extraordinary and compelling" reasons under 18 U.S.C. § 3582(c)(1)(A) and because a sentence reduction would be inconsistent with the section 3553(a) factors, the Court denies Constantine's motion for compassionate release (Dkt. No. 378). The Clerk of Court is respectfully directed to mail a copy of this Opinion & Order to defendant as follows: George Constantine [61834-509], FCI Fort Dix, Federal Correctional Institution, P.O. Box 2000, Joint Base MDL, NJ 08640.

Dated: New York, New York
August 14, 2026

SO ORDERED:

Sidney H. Stein, U.S.D.J.

[1] Several other bars to the application of section 4C1.1(a) also apply to Constantine, including that of section 4C1.1(a)(9) because Constantine received an adjustment for vulnerable victims under section 3A1.1. (*See* Dkt. No. 228 at 17.)